IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CARLA HUGHES                                                                             PETITIONER

VS.                                                        CIVIL ACTION NO. 3:15cv347-DPJ-FKB

COMMISSIONER MARSHALL L.
FISHER, et al.                                                                          RESPONDENTS

## **REPORT AND RECOMMENDATION**

This cause is before the Court on the petition for a writ of habeas corpus filed by Carla Hughes and Respondents' motion to dismiss the petition as untimely. Hughes has not responded to the motion. Having considered the motion, the undersigned recommends that the motion be granted and the petition be dismissed with prejudice.

Hughes was convicted in the Circuit Court of Madison County, Mississippi, of two counts of capital murder and sentenced to concurrent terms of life imprisonment. The Mississippi Supreme Court affirmed Hughes's conviction and sentence on June 21, 2012. She filed no petition for writ of certiorari to the United States Supreme Court. Hughes's § 2254 petition was filed with this court on or after April 30, 2015.[1]

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under section 2254:

---

[1]Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date she delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401, 196 F.3d 1259 (5th Cir. 1999). Hughes's petition was signed on April 30, 2015, and it was received by the Court on May 8, 2015. Thus, it was "filed" sometime between April 30, 2015, and May 8, 2015.

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because Hughes did not petition the United States Supreme Court for a writ of certiorari, her judgment became final when her ninety-day period for doing so expired, *i.e.*, on September 19, 2012. *See Otto v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (pursuant to Supreme Court Rule 13(a), period for seeking certiorari is ninety days after the state court's final decision); *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) ("[A] state prisoner's conviction becomes final for purposes of § 2244 ninety days after the judgment is entered, when the time to file a petition for writ of certiorari with the Supreme Court has expired."). Hughes had one year from that date, or until September 19, 2013, in which to file for federal habeas relief, subject to tolling under § 2244(d)(2) for

any period during which a properly-filed motion for post-conviction relief was pending in the state court.  Hughes failed to file any properly-filed motion for post-conviction relief on or before September 19, 2013.  Thus, her one year expired on that date, and her habeas petition is untimely.

For these reasons, the undersigned recommends that the motion to dismiss be granted and the petition be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 14th day of August, 2015.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE